STATE OF NORTH CAROLINA v. CARROLL NORMAN LANEY

No. 8427SC818

(Filed 7 May 1985)

**1. Criminal Law § 138— aggravating factor—explanatory note at bottom of form**

　　The trial judge intended to find only one aggravating factor where he placed three asterisks on the factors in aggravation and mitigation of punishment form beside the finding for an offense committed against law enforcement, judicial, or other officials, including witnesses, and noted at the bottom of the page that defendant had shot his wife, a witness against him.

**2. Criminal Law § 138— aggravating factor—shooting of witness—evidence sufficient**

　　The evidence was sufficient to permit the trial court to find by a preponderance of the evidence that defendant's offense was committed against a witness against him while engaged in the performance of her official duties or because of the exercise of her official duties where the evidence showed that the shooting occurred in close proximity to defendant's conviction in a trial in which his wife had been the sole witness against him; that in the setting of that trial he made veiled references to "doing something" to his wife; and that while he had threatened and harassed her on numerous prior occasions, he made a life-threatening assault upon her only in the immediate wake of that trial.

APPEAL by defendant from *Gaines, Judge.* Judgment entered 22 March 1984 in Superior Court, GASTON County. Heard in the Court of Appeals 8 March 1985.

Defendant appeals from a judgment of imprisonment entered upon his conviction of assault with a deadly weapon with intent to kill inflicting serious injury upon his wife.

*Attorney General Edmisten, by Assistant Attorney General Floyd M. Lewis, for the State.*

*Rowell C. Cloninger, Public Defender, for defendant appellant.*

WHICHARD, Judge.

Defendant contends only that the court erred in sentencing him to a term of imprisonment in excess of the presumptive. We find no error.

---

---

**[1]**   The court marked the following on the form entitled "Felony Judgment Findings of Factors in Aggravation and Mitigation of Punishment":

> 5. The offense was committed against a present or former: law enforcement officer, employee of the Department of Correction, jailer, fireman, emergency medical technician, ambulance attendant, justice or judge, clerk or assistant or deputy clerk of court, magistrate, prosecutor, juror, or witness against the defendant, while engaged in the performance of his official duties or because of the exercise of his official duties.

Three asterisks appear beside this finding on the printed form, and at the bottom of the form the following appears beside three asterisks: "That immediately prior to the District Court trial, the defendant made veiled threats directed toward Frances Houser Laney, his wife, and after the trial the witness was shot while in an automobile at a shopping center where she drove on the way home from court." Defendant argues that the court found two separate factors in aggravation: the factor referred to by the language under "5" and the factor referred to at the asterisks at the bottom of the form. Defendant argues further that this was error because (1) the separate factors were supported by the same evidence and (2) the second factor, *i.e.*, the one at the bottom of the form, was not reasonably related to the purposes of sentencing.

We find the language at the bottom of the form explanatory of the finding numbered "5." It clearly was neither intended nor treated as a separate factor in aggravation. These contentions are without merit.

**[2]**   Defendant contends the evidence was insufficient to prove the single aggravating factor found, *viz*, that the offense was committed against a witness against defendant while engaged in the performance of her official duties or because of the exercise of her official duties. The basis of his argument is that the State was unable to show by the preponderance of the evidence that defendant shot his wife because she was a witness against him.

The record establishes the following:

Defendant and his wife had been separated for approximately fourteen months before the shooting. During this period defendant had threatened and harassed his wife on numerous occasions. The threats generally related to what would happen to her if she did not come back to him. He had on prior occasions threatened to kill her.

On 17 January 1984 defendant was convicted of assault on a female and damage to personal property. His wife was the only witness against him. Shortly before the trial commenced defendant asked his mother-in-law to "go out in the hall and talk to him." In that conversation he raised the possibility of reconciliation with his wife. In response to his mother-in-law's expressions of doubt about such prospects, defendant stated: "I'm not going to have a suspended sentence. I'll just take an active." He also stated: "Do you think a suspended sentence would keep me from doing something to her if I wanted to?"

Defendant's wife and her parents left the courtroom at approximately 12:15 p.m. Defendant had left shortly before. The wife and parents went from the courthouse to a restaurant for lunch. They then went directly to a shopping center. As they looked for a parking space defendant's wife observed that defendant was following them. They made an effort to elude him, but he caught them and started shooting. He then jumped out of his car, pointed his gun "right at" his wife, and said, "Is she dead? Is she dead? If she's not, I'm going to shoot her again because I promised her I'd kill her."

This evidence shows: that the shooting occurred in close proximity to defendant's conviction in the trial in which his wife had been the sole witness against him; that in the setting of that trial he made veiled references to "doing something" to his wife; and that while he had threatened and harassed her on numerous prior occasions, he made a life-threatening assault upon her only in the immediate wake of that trial. We believe the distinctiveness of defendant's conduct on this occasion, combined with its proximity to the trial in which his wife testified against him and in the setting of which he made veiled references to "doing something" to her, permitted the court to find the aggravating factor in question by a preponderance of the evidence. We thus find no error in the sentence imposed.

No error.

Judges WEBB and BECTON concur.